**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OHIO DISTRICT
EASTERN DIVISION**

**PEABODY LANDSCAPE CONSTRUCTION
INC.,**

        **Plaintiff,**                                  **Case No. 2:05-CV-1099
JUDGE GREGORY L. FROST**

    v.

**WILLIAM SCHOTTENSTEIN,**

        **Defendant.**

**AND**

**PEABODY LANDSCAPE CONSTRUCTION
INC.,**

        **Plaintiff,**                                  **Case No. 2:05-CV-1100
JUDGE GREGORY L. FROST**

    v.

**ARSHOT INVESTMENT CORP.,**

        **Defendant.**

## **OPINION & ORDER**

This matter comes before the Court for consideration of Motions to Dismiss (Doc. # 6 in Case No. 2:05-1099; Doc. # 9 in Case No. 2:05-1100)[1] filed by Defendants William Schottenstein and Arshot Investment Corporation ("Defendants"), Memoranda in Opposition (Doc. # 7 in Case No. 2:05-1099; Doc. # 10 in Case No. 2:05-1100) filed by Plaintiff Peabody Landscape Construction ("Plaintiff"), and reply memoranda. (Doc. # 8 in Case No. 2:05-1099;

---

[1] This Court has consolidated the above captioned cases.

1

Doc. # 11 in Case No. 2:05-1100) For the reasons that follow, the Court finds Defendants' motions (Doc. # 6 in Case No. 2:05-1099; Doc. # 9 in Case No. 2:05-1100) well taken. The Court grants Defendants' motion. (Doc. # 6 in Case No. 2:05-1099; Doc. # 9 in Case No. 2:05-1100.)

### A. Issue Presented

Upon confirmation of the bankruptcy reorganization plan, completion of the administration of the bankruptcy estate, and termination of the underlying bankruptcy case, should a district court dismiss the pending adversarial proceeding that was related to the bankruptcy case at the time of its commencement?

### B. Background

On August 27, 2004, Plaintiff filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Subsequently, Plaintiff filed state law contract and restitution claims against Defendants. The parties do not dispute that this case lacks diversity and presents no federal questions.

On June 3, 2005, each Defendant filed a motion to withdraw bankruptcy reference and remove these cases to this Court. Because of the pending motion to withdraw, the parties did not substantially litigate these cases in the Bankruptcy Court. On August 28 and October 19 2006, the Bankruptcy Court granted each Defendant's motion. Since the cases were withdrawn to this Court, the parties have not conducted discovery.

Prior to Defendants' motion to withdraw, Plaintiff filed a plan of reorganization ("plan") in its Chapter 11 bankruptcy case on January 31, 2005. Plaintiff then amended the plan on April 8 and May 13, 2005. The Bankruptcy Court confirmed Plaintiff's plan on September 2, 2005.

Pursuant to the Bankruptcy Court's Order, the plan became effective on September 13, 2005. Plaintiff's plan defined and fixed the rights and obligations between Plaintiff and creditors. This plan included the right of certain unsecured creditors to collect a portion of any recovery that Plaintiff may achieve in its claims against Defendants.

Upon confirmation of Plaintiff's plan, Plaintiff's bankruptcy estate ceased to exist. As a result, all of the estate's property and assets, including Plaintiff's claims against Defendants, re-vested in Plaintiff.

Plaintiff then spent the next year and a half carrying out the plan. On February 28, 2007, Plaintiff filed an application for final decree in which it stated that "the administration of the Estate is complete" and asked the Bankruptcy court to close the Bankruptcy case. (Doc. # 6, ex. # 5.) On April 20, 2007, the Bankruptcy court granted Plaintiff's application and officially closed the Chapter 11 bankruptcy case.

Defendants now move to dismiss Plaintiff's claims (Doc. # 6) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The parties have completed briefing on the motion, and the motion is now ripe for disposition.

### C. Standard of Review

Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms. *Ohio Nat'l Life v. Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack–as Defendants assert–on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Id.* In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews a complaint under a factual

attack, no presumptive truthfulness applies to the factual allegations. *Id.* Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." *See generally* C. Wright & A. Miller, Federal Practice and Procedure § 1364, at 662-64 (West 1969). When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). In reviewing these speaking motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977).

### D. Discussion

Defendants contend that 28 U.S.C. § 1334(b) "related to" provision originally provided jurisdiction over Plaintiff's adversarial claims. Defendants argue that Plaintiff's claims are no longer "related to" proceedings under § 1334(b). Specifically, Defendants posit that Plaintiff's claims are no longer related to the underlying bankruptcy case because Plaintiff's plan was confirmed and effectuated, the estate ceased to exist, and the bankruptcy case was closed. Thus, Defendants posit that this Court's resolution of Plaintiff's state law claims cannot conceivably impact the administration of the bankruptcy estate because the bankruptcy estate no longer exists. Defendants further state that if Plaintiff were to succeed on any of its claims, the distributions would come from Plaintiff's personal property. Thus, Defendants contend that this Court should dismiss the case for lack of subject matter jurisdiction. Moreover, Defendants

claim that this case does not present any special circumstances that warrant this Court to retain jurisdiction over these cases.

Plaintiff acknowledges that its plan has been confirmed, that the bankruptcy estate has been fully administered, and that the bankruptcy case has been closed. Notwithstanding these acknowledgments, Plaintiff contends that this Court retains subject matter jurisdiction over Plaintiff's state law claims. Specifically, Plaintiff argues that the outcome of its claims could have an effect on the administration of its prior bankruptcy estate. Therefore, according to Plaintiff, its claims remain "related to" the closed bankruptcy case sufficient to confer jurisdiction pursuant to § 1334(b). Alternatively, Plaintiff contends that even if its claims are no longer "related to" the bankruptcy case, special circumstances in this case warrant this Court to exercise its discretionary power over this matter.

This Court finds Defendants' arguments convincing.

28 U.S.C. § 1334(a) confers on each federal district court "original and exclusive jurisdiction of all cases under title 11," except as provided in 28 U.S.C. § 1334(b). 28 U.S.C. § 1334(a); *In re Stewart*, 62 Fed. App'x. 610, 612 (6th Cir. 2003).[2] Section 1334(b) provides district courts with jurisdiction over three types of proceedings– (1)cases "arising under" title 11,

---

[2] "The term 'cases under title 11' as used in section 1334(a) is a term of art signifying an action commenced in a federal district court or bankruptcy court with the filing of a petition pursuant to 11 U.S.C. §§ 301, 302 or 303." *In re Stewart*, 62 Fed. App'x. at 613 (quoting *Robinson v. Michigan Consolidated Gas Co. Inc.,* 918 F.2d 579, 583 (6th Cir.1990)). Plaintiff's case is not a petition filed pursuant to 11 U.S.C. §§ 301, 302 or 303, and it is therefore not a "case under title 11."

(2) cases "arising in,"and (3) cases "related to" title 11.³ U.S.C. § 1334(b) (stating that each district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11").

For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between the three categories of jurisdiction under 1334(a) ("arising under," "arising in," and "related to" a case under title 11).  *In re Wolverine Radio Co.* 930 F.2d 1132, 1141 (6th Cir. 1991).  "These references operate conjunctively to define the scope of jurisdiction."  *Id.*  Therefore, for purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least "related to" the bankruptcy.  *Id.*

The Sixth Circuit has held that a proceeding is "related to" a case under title 11 of the bankruptcy proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  *Browning v. Levy*, 283 F.3d 761, 773 (6th Cir. 2002) (quoting *Sanders Confectionery Prods. Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 482 (6th Cir. 1992)).  In other words a claim is "related to" the bankruptcy proceeding if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt

---

³ The district court has the authority under 28 U.S.C. § 157(a) to refer to the bankruptcy judges for that district "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." *In re Stewart*, 62 Fed. App'x. at 612-13.  Under section 157, "arising under" and "arising in" proceedings are known as "core proceedings." § 157(b)(1); *see also In re Haws* 158 B.R. 965, 969 -970 (Bankr. S.D. Tex., 1993).  Non-core proceedings, by statutory definition, are those proceedings "otherwise related to a case under title 11."  § 157(b)(3).

estate"). *Browning,* 283 F.3d at 773 (citing *In re Dow Corning Corp.,* 86 F.3d 482, 489 (6th Cir.1996)).

The parties do not do dispute that § 1334(b) "related to" provision originally provided jurisdiction over Plaintiff's state law claims against Defendants. Rather, this case presents the question of whether this Court should now dismiss Plaintiff's pending adversarial proceeding after the plan has been confirmed, the administration of the bankruptcy estate has been completed, and the underlying bankruptcy case has been closed. In other words, are Plaintiff's pending adversarial proceedings no longer "related to" the bankruptcy case such that this Court lacks jurisdiction over them?

Generally, dismissal of an underlying bankruptcy case should result in the dismissal of all related adversary proceedings. *In re Porges*, 44 F.3d 159, 162 (2nd Cir. 1995); *see also In re Moseley* 161 B.R. 382, 384 (Bankr. E.D.Tex. 1993). This general rule favors dismissal because a bankruptcy court's jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case. *In re Porges*, 44 F.3d at 162 (citing cases). Dismissal, however, is not mandatory and for good cause shown the presiding court is vested with discretion to retain the adversary proceeding, which was related to the bankruptcy case at the time of its commencement. *See* 11 U.S.C. § 349 (setting forth consequences of dismissal "unless the court, for cause, orders otherwise"); *In re Porges*, 44 F.3d at 162.

Here, Plaintiff contends that the outcome of its claims could have an effect on the administration of its prior bankruptcy estate. Plaintiff's argument is flawed. Plaintiff fails to recognize the legal effect of the confirmation of the plan.

Unless the plan or in the order of confirmation provides otherwise, the confirmation of a

plan by operation of law vests all property of the estate in the reorganized debtor. 11 U.S.C. § 1141(b); *see also In re Resorts Intern., Inc*. 372 F.3d 154, 165 (3d. Cir. 2004) (citing *NVF Co. v. New Castle County,* 276 B.R. 340, 348 (D. Del. 2002) (holding that the confirmation of a plan re-vests the estate's property in the reorganized debtor, and accordingly, the bankruptcy estate "no longer existed")), *aff'd* 61 F. App'x. 778 (3d Cir. 2003).  In other words, plan confirmation essentially dissolves the bankruptcy estate.

Plaintiff's argument is wrongly predicated on the fact that the plan included the right of certain creditors to collect a portion of any recovery that Plaintiff may achieve in its claims against Defendants.  Plaintiff fails to recognize that the claims themselves were property of the bankruptcy estate.[4]  Thus, pursuant to the plan, those claims were re-vested in Plaintiff's personal property.   Because the estate's property has been distributed, Plaintiff's recovery of any of its claims can literally can have no effect on the estate.  *In re Resorts Intern., Inc*. 372 F.3d at 165 (stating that "[A]t the most literal level, it is impossible for the bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred.").  Rather, anything that unsecured creditors receive if Plaintiff succeeds will be distributions of Plaintiff's property, not property of the estate. *See In re Federalpha Steel* LLC, 341 B.R. 872, 881 (Bankr. N.D.Ill., 2006) (holding that post-confirmation, the Court lack jurisdiction over state law claims even if Trust's success would result in additional monies to creditors because anything that unsecured creditors receive from the Trust's recovery would be distributions of Trust property).

---

    [4]    Under 11 U.S.C. § 541(a)(1), the estate comprises all legal or equitable interests of the debtor in property "as of the commencement of the case." *In re Stewart*, 62 Fed. Appx. 614.


Thus, the outcome of Plaintiff's state law claims cannot have any conceivable effect on the administration of the ceased bankruptcy estate. This Court finds that Plaintiff's state law claims are no longer "related to" proceedings under § 1334(b). This Court also finds that dismissal is appropriate as this case does not present special circumstances that warrant this Court to retain jurisdiction over these claims.

A federal district court must consider four factors in deciding whether to retain jurisdiction over an adversary proceeding based on "related to" jurisdiction after the underlying bankruptcy case has been dismissed: economy, convenience, fairness, and comity. *Matter of Querner,* 7 F.3d 1199, 1202 (5th Cir. 1993); *see Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 353 (1988).

With respect to the first three factors, the adversary proceeding is in its earliest stages. The Court recently issued a scheduling order. The parties have not substantially litigated these cases. They have completed little discovery and have not yet conducted a single deposition. Moreover, the trial date is over a year away. Thus, the inconvenience to Plaintiff is slight. Plaintiff would be required to re-file its complaint in state court; and nothing is precluding Plaintiff from doing that.

Moreover, with respect to comity, this factor too weighs in favor of dismissal. Comity is a concept that means that "all else being equal, state issues ought to be decided by state courts." *In re Casamont Investors, Ltd.* 196 B.R. 517, 524 (9th Cir. 1996). Here, Plaintiff's claims in the adversarial proceeding involve purely state law issues.

When balancing these factors, this Court finds they do not weigh in favor of retaining

9

jurisdiction over Plaintiff's state law claims.

### E. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss (Doc. # 6 in Case No. 2:05-1099; Doc. # 9 in Case No. 2:05-1100) for lack of subject matter jurisdiction. The matter is dismissed without prejudice of filing in the state court. The clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

    **/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**